UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CONCHITA WASHINGTON, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | CAUSE NO. 3:06-CV-49RM |
| ) | (Criminal No. 3:91-CR-02(04)RM) |
| WARDEN, FEDERAL MEDICAL ) | |
| CENTER CARSWELL, ] | |
| ) | |
| Respondent ) | |

OPINION AND ORDER

On January 17, Conchita Washington filed a document with the court labeled: "Habeas Corpus Petition Pursuant to 28 USC § 451, et seq (1940)." For the following reasons, the court construes this document as a successive petition filed pursuant to 28 U.S.C. § 2255 and denies it for lack of jurisdiction.

Ms. Washington's motion asks the court to hold several statutes unconstitutional, find her conviction and sentence unconstitutional, and order her immediate release. Typically, a federal prisoner makes these arguments via a § 2255 petition to vacate, set aside, or correct her sentence. *See* Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000) (noting that "Congress enacted 28 U.S.C. § 2255 to be a vehicle for collateral attacks on convictions and sentences for federal prisoners."). Ms. Washington is barred from filing any more § 2255 petitions with the court because she already exhausted her one opportunity, and the court of appeals has not authorized her to file a successive one with the court. *See* 28 U.S.C. § 2255 (before the sentencing court may review a "second or successive

motion [filed under § 2255, it] must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Because the law prevents Ms. Washington from artfully labeling her motion (or crafting her arguments) to avoid § 2255's procedural requirements, the court must substantively review the contents to determine whether it may even address the merits, or whether Ms. Washington must first request the court of appeals for permission to file a successive § 2255 petition. *See* Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.").

Regardless of the caption, Ms. Washington's motion asserts at least six different arguments all of which ultimately lead to the same conclusion —that somehow (whether through an unconstitutional law or by way of some other constitutional violation) Ms. Washington's conviction and sentence should be set aside as unconstitutional. As noted above, Congress intended for such arguments to be advanced in a § 2255 petition, and Ms. Washington doesn't provide an adequate basis why her case should be an exception. Thus, the court construes Ms. Washington's motion as a successive one filed under § 2255, and as she has not been granted leave to file a successive § 2255 petition by the court of appeals,

2

SUMMARILY DISMISSES it for want of jurisdiction [Doc. No. 687 on 3:91-CR-02; Doc. No. 1 on 3:06-CV-49].

    SO ORDERED.

    ENTERED: January 30, 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc:    C. Washington
       B. Brook